IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLOS EDUARDO PLATA-YBARRA, | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:25-CV-230-O |
| | § | (NO. 4:23-CR-004-O) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Carlos Eduardo Plata-Ybarra pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 11, 2023, Movant was named in a one-count indictment charging him with conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). CR ECF No.[2] 15. Movant initially entered a plea of not guilty. CR ECF No. 20. He later signed a

---

[1] The Court notes that the reply is highly misleading and does not appear to be based on the facts of this case. For example, Movant continues to argue that he received an enhancement as leader/organizer when that is not true. He argues that the government engaged in prosecutorial misconduct at sentencing when the government did not make any statements at sentencing. He represents that the government had agreed to a 24-month plea cap when the document he references clearly refers to the agreement of another defendant. To the extent Movant intends to raise any new grounds in his reply, the Court is not considering them.

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-004-O.

factual resume, CR ECF No. 33, and a plea agreement, CR ECF No. 34. The factual resume set forth the maximum penalties Movant faced, the essential elements of the offense, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 33. The plea agreement set forth the rights Movant was waiving by pleading guilty, the maximum penalties Movant faced, the Court's discretion in imposing sentence, Movant's agreement not to contest the forfeiture of $110,175 seized on December 21, 2022, the government's agreement not to bring any additional charges against Movant in exchange for his plea, Movant's waiver of the right to appeal or otherwise contest the conviction and sentence, that the plea was made freely and voluntarily and was not the result of force, threats or promises, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation provided him. CR ECF No. 34.

On February 8, 2023, Movant appeared in open court with the services of an interpreter for rearraignment and testified under oath that: he was able to understand the proceedings through the interpreter; he understood that he should never rely upon any promise or statement by anyone as to what sentence might be imposed and that his plea must be purely voluntary; he had received a copy of the indictment; he read or had read to him the charge and fully understood the nature of the charge; he understood and admitted that he committed all of the essential elements of the charge against him; he was fully satisfied with the legal representation and advice he had received from counsel; he signed the plea agreement after reading, understanding, and discussing it with counsel; he read, understood, and discussed with counsel the waiver of right to appeal provision and knowingly and voluntarily waived the right to appeal; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise or assurance of any kind to induce

2

him to enter a plea of guilty; he understood that he could be deported as a result of his conviction; he understood that he faced a term of imprisonment not to exceed ten years; he had no questions about anything discussed in court; he signed the factual resume and had read and understood it; and, all of the facts set forth in the factual resume were true and correct. CR ECF No. 124.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 12. CR ECF No. 61-1, ¶ 28. He received a nine-level enhancement for smuggling, transporting, or harboring of over 100 unlawful aliens, *id.* ¶ 29, and two-level enhancements for smuggling, transporting or harboring of a minor, *id.* ¶ 30, and for involuntarily detaining an alien through coercion or threat or in connection with a demand for payment. *Id.* ¶ 31. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 22 and a criminal history category of I, Movant's guideline imprisonment range was 41 to 51 months. *Id.* ¶ 65. Movant filed objections to the PSR, CR ECF No. 65, and the probation officer prepared an addendum. CR ECF No. 69. The addendum reflected that Movant's total offense level was 24 and his guideline range was 51 to 63 months. *Id.* By order signed May 30, 2023, the Court gave notice that the guidelines did not appear to adequately fulfill the statutory goals in sentencing based on the total offense conduct in the case and that the Court intended to vary upward. CR ECF NO. 82.

At sentencing, Movant again used the services of an interpreter. CR ECF No. 113 at 4. Counsel represented to the Court that he had reviewed the PSR and addendum with Movant in Spanish. *Id.* The Court sentenced Movant to a term of imprisonment of 120 months, the statutory maximum. CR ECF No. 85. Movant appealed, CR ECF No. 90, despite having waived the right to do so. CR ECF No. 34, ¶ 13. Movant's counsel filed a motion to withdraw and a brief in accordance

3

with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Plata-Ybarra*, No. 23-10622, 2024 WL 655574 (5th Cir. Feb. 16, 2024).

## II.   GROUNDS OF THE MOTION

Movant timely filed his motion, setting forth four grounds for relief. ECF No.[3] 1. He filed a document titled "Additional Grounds for 28 USC 2255" setting forth thirty-seven grounds for relief. ECF No. 2. The second document includes the four grounds set forth in the motion. The government groups its discussion of the grounds in terms of pre-plea and plea agreement claims, sentencing claims, and appellate counsel claims. ECF No. 17.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong

5

presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

The grounds of the motion, like the declaration in support, are almost wholly conclusory and many are duplicative. The bulk of Movant's grounds concern alleged ineffective assistance of counsel. With regard to pre-plea conduct, Movant alleges that counsel: misled him into believing he would receive a sentence of 51–63 months, never explained that the Court could impose an upward variance (Grounds One and Five), failed to provide a Spanish translation of the plea agreement (Ground Six), coerced him into pleading guilty (Ground Seven), failed to investigate key defense evidence (Ground Ten), misrepresented the plea offer (Ground Twelve), failed to secure a better offer[4] (Ground Thirteen), failed to properly explain the charges, risks, and plea agreement consequences (Ground Fifteen), failed to challenge coercive and misleading plea negotiations (Ground Sixteen), failed to advise him of immigration consequences (Ground Twenty), and failed to object to the plea agreement (Ground Thirty-Three).

A valid guilty plea waives all nonjurisdictional defects, including ineffective assistance of counsel, except insofar as it relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Any contention that Movant's plea was not knowing, voluntary, and intelligent is wholly belied by the record. The factual resume Movant signed set forth the penalties

---

[4] There is no constitutional right to a plea bargain. *United States v. Lopez*, 979 F.2d 1024, 1036 (5th Cir. 1992).

he faced, the elements of the offense to which he pled guilty, and the stipulated facts establishing that he committed the offense. CR ECF No. 33. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced and possible immigration consequences; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 34. These documents are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him and the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity.[5] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that counsel provided ineffective assistance, and he cannot, in order to show prejudice, he must show that he would have insisted on going to trial but for counsel's conduct. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for

---

[5] Ground Eighteen, in which Movant alleges that the Court failed to ensure that the plea was knowing and voluntary, is frivolous.

his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant fails to cite any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged deficiencies, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

In Grounds Three and Fourteen, Movant refers in the headings to an attempt by counsel to "coerce false testimony." ECF No. 2 at 2 & 8. The supporting facts for each ground allege that counsel falsely told Movant that a co-defendant was cooperating with the government when that was not true. *Id.* Movant fails to explain why this would entitle him to any relief. He refers to the sentencing transcript, *id.* at 9 (referring to CR ECF No. 113), which has no relevance to the issue. The case he cites, *Nix v. Whiteside*, 475 U.S. 157 (1986), holds that an attorney does not provide ineffective assistance in refusing to present perjured testimony. *Nix* has no relevance based on the allegations made. Movant did not provide any false testimony and has made no attempt to show that he was harmed by any act of counsel.

In Ground Twenty-Two, Movant alleges that the government failed to disclose *Brady* material. ECF No. 2 at 13. He does not identify any particular material that was withheld. In Ground Thirty-Two, he alleges that the government misled him into making incriminating statements without giving him any benefit. *Id.* at 20. He does not identify any statements he made, much less explain why the government owed him any particular obligation. His conclusory allegations do not entitle him to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, even if they were proper, Movant waived these grounds by pleading guilty. These are

grounds that should have been raised on appeal in any event; however, Movant waived his right to do so. CR ECF No. 34, ¶ 13. *See United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019).

With regard to sentencing, Movant alleges that counsel provided ineffective assistance in failing: to inform him of and challenge the forfeiture order (Grounds Two, Eight, Twenty-Eight, and Thirty-Six), to file a sentencing memorandum (Grounds Five and Thirty-Three), to challenge the sentencing enhancements (Ground Nine), to object to prosecutorial misconduct (Ground Eleven), to challenge inaccuracies in the PSR (Ground Seventeen), to challenge the government's use of unproven allegations (Ground Nineteen), to object to the upward variance (Ground Twenty-Five), and to object to cartel allegations (Ground Twenty-Six). Of course, Movant had knowledge of and understood the forfeiture order. CR ECF No. 124 at 36–38, 44, 51–52; CR ECF No. 34, ¶ 8; CR ECF No. 33 at 4. Any challenge would have been frivolous. Counsel had no obligation to file a sentencing memorandum. *United States v. Brito*, No. C-09-40, 2009 WL 4058997, at *5 (S.D. Tex. Nov. 20, 2009). Movant has not shown any harm as a result of the failure to file a memorandum. Movant did not receive an enhancement for being an organizer/leader. CR ECF No. 69. The government did not make any statements at sentencing.[6] CR ECF No. 113 at 5. The Court properly took into account reliable evidence that Movant participated in alien smuggling orchestrated by a Mexican cartel.[7] CR ECF No. 61, ¶¶ 16, 20. *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (PSR bears sufficient indicia of reliability to be considered as evidence;

---

[6] In Ground Twenty-Three, Movant argues that the government argued that he was a leader. ECF No. 2 at 14. The ground is wholly unsupported and without merit.

[7] The grounds alleging a lack of evidence to link Movant to the cartel (Grounds Ten, Nineteen, Twenty-Six, and Thirty-Five) are conclusory and unsupported. Movant bore the burden to show that the material in the PSR was materially untrue, inaccurate, or unreliable. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

defendant bears burden of showing PSR is materially untrue). *See* CR ECF No. 113 at 6 (Movant's counsel admitted that the smuggling was "handled in Mexico by a supposed cartel member").

In addition to complaining that his counsel did not object to the upward variance (Ground Twenty-Five), Movant alleges that the upward variance violated Due Process (Ground Four), and that he was not provided notice of the intent to vary upward (Ground Twenty-Seven). The record reflects that Movant was given notice of the Court's intent to vary upward. CR ECF No. 82. His counsel argued for a minimum sentence based on the case being outside the heartland covered by the statute. CR ECF No. 113. The Court clearly explained the reasons for the sentence. *Id.* There was no reasonable basis to object. Movant has not shown that his sentence was improper or that he was harmed by counsel's failure to object. To the extent Movant alleges any violation of Due Process, the grounds have no merit, but even if they did, Movant waived the right to raise them. CR ECF No. 34, ¶ 13. *Kelly*, 915 F.3d at 348.

With regard to appeal, Movant alleges that counsel provided ineffective assistance in: failing to preserve issues for appeal (Ground Twenty-One), filing an *Anders* brief and mishandling the appeal (Grounds Twenty-Four, Thirty-One, Thirty-Four, and Thirty-Seven), failing to ensure proper appeal process (Ground Twenty-Nine), and operating with a conflict of interest (Ground Thirty). As support for the contention that counsel failed to preserve issues for appeal, Movant simply makes the conclusory allegation that "counsel failed to object to object to multiple constitutional and procedural violations at trial and sentencing." ECF No. 2 at 13. This ground cannot be pursued. *Miller*, 200 F.3d at 282. In fact, Movant does not identify in any of these grounds any particular issue for appeal that would have had the slightest merit. Counsel is only required to raise those arguments likely to succeed. *Davila v. Davis*, 582 U.S. 521, 533 (2017).

10

Movant has not shown that there was any such issue. Nor has he shown that he could overcome his waiver of the right to appeal. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002) (knowing and voluntary waiver of postconviction rights is enforceable and should not be easily evaded). Counsel performed as he should have in filing an *Anders* brief once he determined that an appeal would not have had merit. *Anders*, 386 U.S. at 744.

To the extent Movant argues that he was entitled to a safety-valve reduction and that counsel was ineffective in failing to seek such a reduction, he fails to note that he was not convicted of a drug-trafficking crime to which 18 U.S.C. § 3553(f) is applicable. Counsel does not render ineffective assistance in failing to raise a frivolous issue. *United States v, Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). To the extent he is arguing that he is entitled to a reduction of sentence due to amendments of the Sentencing Guidelines, such relief is not available by motion under § 2255.

Finally, to the extent Movant alleges a conflict of interest, he must show that counsel acted under the influence of an actual conflict and that such conflict adversely affected Movant's representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007), *abrogated on other grounds*, *Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017). A theoretical or speculative conflict is not enough; Movant must show that counsel was required to make a choice advancing his own interests to Movant's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Collins*, 986 F.2d 1478, 1486 (5th Cir. 1993). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243. Here, Movant adduces no evidence to support his allegation as to a conflict. His own conclusory allegations are insufficient to support relief. *Ross*, 694 F.2d at 1011.

11

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **22nd day** of **April, 2025**.

*[signature]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE